**KAYE, ROSE & PARTNERS, LLP**
Ronald K. Losch (SBN 98170)
William D. Carey (SBN 204990)
425 California Street, Suite 2025
San Francisco, CA 94104-2213
Tel: 415.433.6555
Fax: 415.433.6577
E-Mail: rlosch@kayerose.com

Attorneys for Defendants
CELEBRITY CRUISES, INC.; and
ROYAL CARIBBEAN CRUISES LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BESSEY,<br><br>   Plaintiff,<br><br>   vs.<br><br>CELEBRITY CRUISES, INC.; ROYAL CARIBBEAN CRUISES LTD; AND DOES 1-10, INCLUSIVE,<br><br>   Defendants. | CASE No:   C08-04862 BZ<br><br>**MOTION FOR ADMINISTRATIVE RELIEF**<br>**[Local Rule 7-11]**<br><br>**DATE:   TBD**<br>**TIME:   TBD**<br>**CTRM:   G, 15th Floor**<br><br>Complaint Filed:   October 23, 2008<br>Trial Date:   None Set<br>Magistrate Judge:   Hon. Bernard Zimmerman |

Pursuant to Local Rule 7-11, Defendants CELEBRITY CRUISES, INC. and ROYAL CARIBBEAN CRUISES LTD. (collectively "RCL") hereby seeks administrative relief from General Order 56 so as to allow the filing of a motion for summary judgment.

## I. FACTUAL BACKGROUND

Plaintiff is a physically disabled person who travels in a motorized scooter.  Plaintiff booked an international cruise on the Maltese-flagged cruise ship MILLENNIUM and now seeks to enforce Title III of the Americans with Disabilities Act ("ADA") and California Civil Code, sections 54, 54.1, and 54.3 so as to require RCL to provide "full and equal" physical access to disabled cruise ship passengers aboard MILLENNIUM.  Plaintiff wants RCL to undertake "readily achievable" barrier removal of physical obstacles aboard MILLENNIUM.

//

As an ADA claim, this action is subject to General Order #56. General Order #56 requires parties to retain experts, make FRCP 26 disclosures, conduct a visual premises inspection, and mediate all claims before any other discovery can be conducted or any dispositive motions can be filed. Thus, this case could proceed for nearly a year before RCL would be afforded an opportunity to file a motion for summary judgment that could dispense with the need for any of the requirements of General Order #56.

There is no reason to force RCL to incur the costs of making disclosures, retaining experts, conducting a vessel inspection (which would have to take place in Hawaii, as the vessel will not be in California in the foreseeable future), and participating in a mediation if this matter can be resolved by way of a motion for summary judgment. RCL's proposed motion for summary judgment is based on legal theories that can be resolved without any further discovery, disclosures or inspections.

## II.  APPLICABLE LAW:

General Order #56 applies "[i]n any action which asserts a denial of a right of access protected by Title III of the Americans with Disabilities Act." (General Order #56, preamble)  Under General Order #56, all "discovery and proceedings are STAYED" except for certain specified requirements that must be completed before any motions, such as a motion for summary judgment, can be filed. For instance, the parties are required to conduct an inspection of the premises (with experts) within 100 days of the filing of the complaint. (General Order #56, ¶3.)  Federal Rule of Civil Procedure 26(a) disclosures are required 7 days prior to the premises inspection. (General Order #56, ¶2.)  After the inspection, the parties are required to meet and confer and thereafter are required to conduct a mediation (General Order #56, ¶¶4,6.)  If the mediation fails to resolve the matter in its entirety, the plaintiff must seek leave of court to set a case management conference. (General Order #56, ¶7.) Thus, this case could proceed for nearly a year and could cost RCL tens of thousands of dollars in defense fees, expert costs, and mediation fees before the legitimacy of the claim can even be tested by way of a motion for summary judgment.

General Order #56 recognizes, however, the need to alter or modify its provisions to fit the needs of a particular case: "Any party who wishes to be relieved of any requirement of this order may file a Motion for Administrative Relief pursuant to L.R. 7-11." (General Order #56, ¶8.)  L. R. 7-11

"recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge."  While the filing of a motion for summary judgment is governed by federal statute, General Order #56 precludes the filing of such a motion at his point in the litigation.  Since RCL's motion for summary judgment is based on legal theories that need no additional discovery to adjudicate, RCL seeks to be relieved of the requirements of General Order #56 so it may file its motion for summary judgment now.

### III. ARGUMENT

This action is unique in several respects.  First, the "premises" to be inspected is a foreign-flagged cruise ship.  MILLENNIUM is not located in the Northern District of California where this action was filed.  In fact, MILLENNIUM is typically outside of the territorial waters of the United States. MILLENNIUM is a Maltese-flagged cruise ship that only enters the territorial boundaries of the United States for brief periods of time.  Due to its current itinerary, MILLENNIUM will not be in California in the foreseeable future.  The next time MILLENNIUM will be in the United States at all is in April, when it will be in Hawaii, not in California.  The arrangement of a General Order #56 extra-territorial premises inspection alone is a task that will involve dozens of man-hours and will require parties to travel to Hawaii to complete.  It is hard to imagine a more expensive or onerous General Order #56 premises inspection.

Second, this action involves the application of United States law on a foreign-flag cruise ship. Before parties incur the expense of retaining experts and conducting the premises inspection, a legal determination as to whether the ADA can even require RCL to reconstruct the physical features of MILLENNIUM must be made. Since MILLENNIUM is a foreign-flagged cruise ship and because there are currently no ADA regulations whatsoever governing cruise ships, be they foreign-flagged or domestic-flagged, plaintiff's claim lacks legal merit.  RCL must be afforded an opportunity to test whether plaintiff's claim could withstand a legal-based motion for summary judgment before it incurs the costs associated with conducting the requirements of General Order #56.

Thus, RCL seeks relief from the stay imposed by General Order 56 so a motion for summary judgment can be filed to test the notion that RCL can be compelled to alter, reconstruct or retrofit

_____3_____
MOTION FOR ADMINISTRATIVE RELIEF [L.R. 7-11]
Case No.  C08-04862 BZ

MILLENNIUM under Title III of the ADA.

### IV. **SUMMARY JUDGMENT IS WARRANTED**

Plaintiff asserts two causes of action. Plaintiff's First Cause of Action alleges denial of full and equal access to a public accommodation under California Civil Code, sections 54, 54.1, and 54.3. The Second Cause of Action alleges violation of 42 U.S.C. Section 12101 *et. seq.* (Americans With Disabilities Act).

Both causes of action lack legal merit for the following four reasons that will be expanded upon in RCL's motion for summary judgment:

1. No regulations regarding accessibility apply to cruise ships. Thus, even if Title III of the ADA applied to the internal affairs of a foreign flagged vessel, there is no guidance, standard, specification or notice whatsoever as to how cruise ships should be constructed so as to be ADA compliant. Without clear direction from regulators, RCL cannot be forced to undertake any physical alterations to MILLENNIUM to conform to Title III of the ADA. "Due process requires that the government provide citizens and other actors with sufficient notice as to what behavior complies with the law." (*United States v. AMC Entertainment, Inc*. (9th Cir., Dec. 2008) 549 F.3d 760,767.) No government agency has provided any guidance to owners of cruise ships as to how to undertake physical alterations of their ships to conform to Title III of the ADA so any injunction requiring RCL to modify MILLENNIUM would violate RCL's due process rights. *(See AMC Entertainment, Inc*.

2. The ADA Title III barrier removal requirements cannot be applied to foreign flag vessels cruising in international trade unless or until amended by Congress to express a clear intent for such application. This is especially true with regard to the physical characteristics of the ship, it's design or construction. *See Spector v. Norwegian Cruise Line, Ltd.*, 545 U.S. 119 (2005); *McCulloch v. Sociedad Nacional de Marineros de Honduras*, 372 U.S. 10 (1963); *Benz v. Compania Naviera Hidalgo, S.A.*, 353 U.S. 138 (1957). ) "[A]pplications of the barrier removal requirement [of the ADA] likely would interfere with the internal affairs of foreign ships." (*Spector*, p. 135.)

3. Application of the structural modifications, alterations and barrier removal provisions of the ADA would impermissibly circumvent the requirements of the Administrative Procedures Act and the "primary jurisdiction doctrine."

1  4. Federal maritime and international law preclude a state from applying its laws to render RCL liable based on structural aspects of a foreign flag ship cruising in international waters. Prosecution of plaintiff's state law claims would be an impermissible extraterritorial application of state law violative of the Commerce Clause of the United States Constitution.

Given the strength of RCL's legal defenses, it wishes to file a motion for summary judgment now, before it incurs the costs associated with a vessel inspection in Hawaii, retention of experts, mediation, and FRCP 26 disclosures.

## V. CONCLUSION

Rather than force RCL to incur tens of thousands of dollars in fulfilling the requirements of General Order #56 in a case that has dubious legal merit, RCL seeks administrative relief from General Order #56 so it may file its motion for summary judgment now. RCL should be relieved from the requirements of General Order #56 and the stay on all proceedings must be lifted to permit RCL to file its motion for summary judgment.

Dated: March 12, 2009                                KAYE, ROSE & PARTNERS, LLP

                                                     */s/ Ronald K. Losch*
                                                 By:_____
                                                     Ronald Losch
                                                     William Carey
                                                     Attorneys for Defendants
                                                     CELEBRITY CRUISES, INC.; and
                                                     ROYAL CARIBBEAN CRUISES LTD.

[STAMP: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — DENIED — Judge Bernard Zimmerman]

DATED: March 24, 2009

**PROOF OF SERVICE BY MAIL AND FAX**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California.

I am over the age of 18 and not a party to the within action; my business address is 425 California Street, Suite 2025, San Francisco, California, 94104.

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.

On this date, I served the following documents described as:

**MOTION FOR ADMINISTRATIVE RELIEF [Local Rule 7-11]**

on the parties in this action by executing this Proof of Service and immediately thereafter causing true copies thereof to be enclosed in an envelope with postage thereon being fully prepaid and placed for collection and mailing following the ordinary course of business addressed to:

| | |
|---|---|
| Paul L. Rein<br>Celia McGunniess<br>Law Offices of Paul L. Rein<br>200 Lakeside Drive, Suite A<br>Oakland, CA 94612<br>Fax 510 832-4787 | Brian Gearinger<br>Gearinger Law Group<br>825 Van Ness Ave., 4th Floor<br>San Francisco, CA 94109<br><br>Fax 415 440-3103 |

Thereafter I caused the documents to be faxed to the parties at the Fax numbers listed above.

I declare under penalty of perjury that the above facts are true and correct. Executed in San Francisco, California on March 12, 2009.

*/s/ Susan Romero*

_____
Susan Romero

**1**

**PROOF OF SERVICE BY MAIL and FAX-CASE # C08-04862 BZ**