Paul L. Rein, Esq. (SBN 43053)
Celia McGuinness, Esq. (SBN 159420
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510-832-5001
Facsimile: 510-832-4787

Brian Gearinger, Esq. (SBN 146125)
GEARINGER LAW GROUP
825 Van Ness Ave., 4th Floor
San Francisco, CA 94109-7837
Telephone: 415-440-3102
Facsimile: 415-440-3103

Attorneys for Plaintiff DONALD BESSEY

KAYE, ROSE & PARTNERS, LLP
André M. Picciurro, Esq. (SBN 239132)
402 W. Broadway, Suite 1300
San Diego, CA 92101
Telephone: 619-232-6555
Facsimile: 619-232-6577

Attorneys for Defendants
CELEBRITY CRUISES, INC.;
ROYAL CARIBBEAN CRUISES, LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BESSEY,<br><br>Plaintiff,<br><br>v.<br><br>CELEBRITY CRUISES, INC.; ROYAL CARIBBEAN CRUISES LTD; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.: C08-04862 BZ**<br>Complaint Filed: October 23, 2008<br><br>**CONSENT DECREE AND ~~[PROPOSED]~~ ORDER** |

1. Plaintiff DONALD BESSEY filed a Complaint in this action on October 3, 2008, to obtain recovery of damages for alleged misrepresentations and for his alleged discriminatory experiences, denial of access, and denial of civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et*

*seq.*, and California civil rights laws against defendants CELEBRITY CRUISES, INC.; ROYAL CARIBBEAN CRUISES LTD; AND DOES 1-10, INCLUSIVE, relating to the condition of their public accommodations at the time of Plaintiff's visit on board the cruise ship MILLENNIUM, as alleged in the complaint, and continuing (the "Lawsuit"). Plaintiff has alleged in the Lawsuit that defendants violated Title III of the Americans with Disabilities Act of 1990, and California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55, by failing to provide full and equal access to their facilities on the MILLENNIUM cruise ship, while in port in San Francisco, California, and while at sea.

2. Defendants Celebrity Cruises, Inc., operator of the MILLENNIUM, and Royal Caribbean Cruises Ltd. deny the allegations in the Lawsuit and by entering into this Consent Decree and Order do not admit liability to any of the allegations in the Lawsuit, or the applicability of either the Americans with Disabilities Act of 1990 or the California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55 to any of plaintiff's claims. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. Plaintiff's Complaint invokes this Court's federal question jurisdiction pursuant to 28 USC § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55. Defendant denies that these statutes have any applicability to the facts upon which this lawsuit is based, but agrees to this Court's jurisdiction for the limited purpose of entering this Consent Decree and Order. Defendant's agreement to this Court's jurisdiction for this limited purpose shall not have any preclusive effect (*e.g.*, *res judicata* or collateral estoppel) on the issue of the non-applicability of either the Americans with Disabilities Act of 1990 or the California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55 to this or any future claims.

4. In order to avoid the costs, expense, and uncertainty of potentially protracted litigation, the parties to this Consent Decree and Order agree to entry of this Consent Decree

and Order to resolve all claims raised in the Lawsuit. Accordingly, they agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims.

WHEREFORE, the parties to this Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Consent Decree and Order shall be a full, complete, and final disposition and settlement of plaintiff's claims against defendants for injunctive relief in the Lawsuit. The parties agree that there has been and is no admission or finding of liability or violation of the ADA and/or California civil rights laws by either defendant, or that the ADA or the California civil rights laws apply to plaintiff's claims in the Lawsuit such that injunctive relief is in any way required, and this Consent Decree and Order shall not be construed in any way as such an admission or application.

6. The parties agree and stipulate that the current Americans with Disabilities Act Accessibility Guidelines ("ADAAG") do not apply to the MILLENNIUM, and that although Passenger Vessel Accessibility Guidelines ("PVAG") have been drafted, they have not been enacted, and they may not eventually apply to existing vessels such as the MILLENNIUM. Nonetheless, solely for purposes of a reference point for some of the work to be performed pursuant to this Consent Decree and Order, and without any admission as to the legal applicability of the ADAAGs to the MILLENNIUM, the parties agree and stipulate that the corrective work will be performed in substantial compliance with the standards and specifications for disabled access as set forth in the Americans with Disabilities Act Accessibility Guidelines but only where specifically so indicated on Attachment A, unless other standards are specifically agreed to in this Consent Decree and Order.

The work and modifications agreed upon by the parties is attached here to as Attachment A. Defendants agree to undertake all of the work set forth therein. Defendants will complete all work within the time specified in Attachment A. In the event that unforeseen difficulties prevent defendants from completing any of the

agreed-upon work within the time specified, defendants or their counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than thirteen months from the entry of this Consent Decree and Order.

7. If any issue of compliance with this Consent Decree and Order is brought to the attention of plaintiff's counsel, plaintiff's counsel will notify defendants' counsel within 15 days of such discovery, in writing, and defendants' counsel will investigate and provide a response to plaintiff's counsel within 30 days of receiving such written notice. If the parties are unable to resolve the issue on their own, then plaintiff will file a motion with the Court to enforce compliance with the Consent Decree and Order.

**DAMAGES, PENALTIES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

8. The parties have reached an agreement regarding plaintiff's claims for damages, penalties, attorneys' fees, litigation expenses and costs by a separate, Confidential General Release (hereinafter referred to as the "Monetary Settlement").

**ENTIRE CONSENT ORDER:**

9. This Consent Decree and Order and Attachment A to this Consent Decree and Order, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the injunctive matters described herein. This Consent Decree and Order, when entered by the Court, shall constitute the settlement and disposition of the entire Lawsuit in all aspects with any settlement for damages, attorneys' fees, and costs being memorialized by the Monetary Settlement which will not be filed with the Court.

///

///

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10. This Consent Decree and Order shall be binding on plaintiff Donald Bessey, his heirs, successors and assigns, and on defendants Celebrity Cruises, Inc. and Royal Caribbean Cruises Ltd, and any successors in interest. The parties have a duty to notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

11. Each of the parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the matters and claims in the Lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the parties intend that this Consent Decree and Order apply to all such further losses with respect to the Lawsuit. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree and Order with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

12. Except for all obligations required in this Consent Decree and Order and the Monetary Settlement, each of the parties to this Consent Decree and Order on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other party and all officers, directors, shareholders,

subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the claims and allegations that are asserted or could have been asserted in the Lawsuit, and/or plaintiff's voyage on MILLENNIUM.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall have no force or effect until signed by the parties and entered by this Court. Once signed and entered by this Court, this Consent Decree and Order shall be in full force and effect for a period of two years after the injunctive relief contemplated by this Consent Decree and Order is completed, and shall at the end of such two year period automatically expire and be of no further force or effect. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for two years after the date of entry of this Consent Decree and Order. Subject to this continued jurisdiction, the parties will enter a stipulation to dismiss this action with prejudice once any agreed damages, penalties, attorneys' fees, litigation expenses and costs have been received by plaintiff.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order, after entry by this Court, is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**CONFIDENTIALITY:**

15. The parties hereby agree to keep confidential and secret the terms of the Monetary Settlement from all third parties, except their attorneys and accountants who also agree in writing to keep confidential the terms and conditions of the Monetary Settlement. Nothing in this provision shall prohibit either party from responding to lawful court process which requires the divulgence of the terms and conditions of the Monetary Settlement.

///

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: July 20, 2011, 2011

By: Donald Bessey (GRB)
DONALD BESSEY, Plaintiff

Dated: ________________, 2011

**CELEBRITY CRUISES, INC.**
**ROYAL CARIBBEAN CRUISES LTD**

By:________________
Tony Faso, Associate Vice President,
Guest and Employee Legal Services
ROYAL CARIBBEAN CRUISES LTD.

Dated: July 17, 2011

**LAW OFFICES OF PAUL L. REIN**
**GEARINGER LAW GROUP**

By: Paul L. Rein
Attorneys for Plaintiff DONALD BESSEY

Dated: ________________, 2011

**KAYE, ROSE & PARTNERS, LLP**

By:________________
André M. Picciurro
Attorney for Defendants CELEBRITY CRUISES, INC., and ROYAL CARIBBEAN CRUISES LTD.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: ______________, 2011

By: ______________
DONALD BESSEY, Plaintiff

Dated: July 14, 2011

**CELEBRITY CRUISES, INC.**
**ROYAL CARIBBEAN CRUISES LTD**

By: ______________
Tony Faso, Associate Vice President,
Guest and Employee Legal Services
ROYAL CARIBBEAN CRUISES LTD.

Dated: July 18, 2011

**LAW OFFICES OF PAUL L. REIN**
**GEARINGER LAW GROUP**

By: ______________
Attorneys for Plaintiff DONALD BESSEY

Dated: ______________, 2011

**KAYE, ROSE & PARTNERS, LLP**

By: ______________
André M. Picciurro
Attorney for Defendants CELEBRITY CRUISES, INC., and ROYAL CARIBBEAN CRUISES LTD.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: ____________________, 2011

By: ______________________________
DONALD BESSEY, Plaintiff

Dated: ____________________, 2011

**CELEBRITY CRUISES, INC.**
**ROYAL CARIBBEAN CRUISES LTD**

By: ______________________________
Tony Faso, Associate Vice President,
Guest and Employee Legal Services
ROYAL CARIBBEAN CRUISES LTD.

Dated: ____________________, 2011

**LAW OFFICES OF PAUL L. REIN**
**GEARINGER LAW GROUP**

By: ______________________________
Attorneys for Plaintiff DONALD BESSEY

Dated: July 15, 2011

**KAYE, ROSE & PARTNERS, LLP**

By: ______________________________
André M. Picciurro
Attorney for Defendants CELEBRITY CRUISES, INC., and ROYAL CARIBBEAN CRUISES LTD.

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: December 9, 2011

Honorable BERNARD ZIMMERMAN
United States Magistrate Judge

**ATTACHMENT A TO CONSENT DECREE AND ORDER**
Bessey v. Celebrity Cruises, Inc., et al.; Case No. C08-04862 BZ

Defendants shall perform the following work, according to the conditions specified in the Consent Decree and Order:

1. **Stateroom 7141:**
   a. Rearrange furniture to provide access which may include relocation of the aft bulkhead closet..

   b. Provide sloping sides to the raised coamings by short "ramps" on both sides of the raised coamings" at the entry door, balcony, and bathroom.

   c. Relocate and resize the lavatory sink and plumbing to provide additional knee-space and height.

   d. Reinforce toilet hand rails.

   e. Slope the containment basin in the shower.

   f. Provide an additional shower wand clip, at lower height.

2. **Vessel Passageways:** Provide sloping sides to the raised coamings by short "ramps" at both sides of the raised coamings" at the automatic door to the Deck 10 pool area, to the Deck 10 AquaSpa, the path of travel to the Deck 10 spa facility, the forward entrance to the Deck 11 Cosmos area, and the starboard and port side entrances to the Deck 11 Extreme Bar.

3. **Public Restrooms:** Lower the water closets and relocate existing handrails at public restrooms serving Deck 10 spa, Deck 11 Cosmos, Deck 5 theater, and Deck 3 Cinema; improve "strike edge clearance" in exits at Deck 10 spa and Deck 11 Cosmos.

4. **Gangways:** Defendant will continue to provide wheelchair assistance during all gangway embarkations and debarkations.

5. **Theatre:**
   a. Provide main floor wheelchair access by escort through existing "crew only" corridors, and designate level wheelchair seating areas toward front of theatre.

   b. Place signage at each entrance directing disabled patrons to seek assistance for entry to main floor.

6. **Cinema:** Provide at least four additional wheelchair seats with fixed companion seating and comparable lines of sight as for able-bodied passengers.

7. **Hot Tub Spa:** Defendants will not make any modifications to the AquaSpa as part of this Consent Decree and Order, but will use their best efforts to make one hot tub spa of their choice disabled accessible through the use of current technological devices which may include a vertical lift adjacent to the spa to allow wheelchair access to the spa level and a

standard "pool lift" to allow immersion into the spa for a disabled person, along with appropriate signage.

8. **Massage Table for Spa**: Provide a height adjustable massage table for disabled patrons in a wheelchair accessible portion of the spa.

9. **Timing:** Item Nos. 1 and 7 will be provided within one year of entry of the Consent Decree and Order by the Court, maximum, although defendants represent that they will make their best efforts to make such changes earlier. Item Nos. 2, 3, 5, 6, and 8 will be provided within six months of entry of this Consent Decree and Order by the Court. Item No. 4 will be provided within 30 days of entry of this Consent Decree and Order by the Court.